NUMBER 13-03-264-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
JOHN HARDY POWELL,                                                             Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 347th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Garza
 
Opinion by Chief Justice Valdez
         A jury found appellant, John Hardy Powell, guilty of three counts of possession
of a controlled substance.


 Appellant was sentenced to seven years imprisonment in
the Institutional Division of the Texas Department of Criminal Justice for each count
and assessed fines totaling $20,000. The trial court suspended appellant’s sentence
and placed him on community supervision for five years. In a single issue, appellant
contends the State failed to present sufficient evidence affirmatively linking him to the
drugs. We affirm.
I. FACTS
         Officer David Maldonado, Jr. stopped appellant’s vehicle after observing him
commit a traffic violation. Maldonado testified that appellant’s vehicle had been under
surveillance by the narcotics division of the Nueces County Sheriff’s Department for
some time. Appellant and his passengers, Ruby Rios and her child, immediately exited
the vehicle. 
         Shortly after the stop, Lieutenant Johnny Oelschlegel arrived. Oelschlegel
testified that appellant appeared nervous and would not look him in the eyes. 
Appellant gave Oelschlegel consent to search his vehicle. Oelschlegel found some
syringes in the center console of the vehicle and a black box behind the driver’s seat
that contained a Lone Star Card, drug paraphernalia, and what appeared to be various
drugs. Later testing revealed that the suspicious substances in the black box were
methadone, cocaine, and heroin. Officer Richard Ramirez searched the vehicle again
at the Sheriff’s Department and found a small packet containing cocaine in the center
console.
         Appellant testified that the syringes found in the center console were for vitamin
injections. He denied ownership and knowledge of the black box and its contents,
claiming that it was left in his car by Cruz, an acquaintance, to whom he had given a
ride earlier that day. Vitamin injections were not found in the vehicle. The syringes
were not sent to a lab for testing, and the owner of the Lone Star Card was not
located. 
II. LEGAL SUFFICIENCY
         By his sole issue on appeal, appellant contends the evidence was insufficient to
prove appellant guilty of possession of a controlled substance. Specifically, appellant
asserts the State’s evidence was insufficient to establish an affirmative link between
him and the contraband. 
         Appellant does not specify whether he is challenging the legal or factual
sufficiency of the evidence and does not discuss the applicable standards of review. 
However, in his prayer for relief, he requests an acquittal, which is consistent with a
legal sufficiency challenge. See Chavero v. State, 36 S.W.3d 688, 693 (Tex.
App.–Corpus Christi 2001, no pet.). Accordingly, we construe his sole issue as a
challenge to the legal sufficiency of the evidence and do not review the record for
factual sufficiency. See Cardenas v. State, 30 S.W.3d 384, 386 n.2 (Tex. Crim. App.
2000) (conducting only legal sufficiency review where defendant requested acquittal
and did not adequately brief factual sufficiency). 
A. Standard of Review
         In evaluating the legal sufficiency of the evidence, we must review all the
evidence in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Swearingen v.
State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). The trier of fact, as the sole judge
of the credibility of the witnesses and the weight to be given their testimony, is free
to accept or reject all or any part of their testimony. Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
As such, we must not judge the credibility of the witnesses, or sit as a thirteenth juror. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Any inconsistencies
in the testimony should be resolved in favor of the verdict. Id.
         We measure the legal sufficiency of the evidence by the elements of the offense
as defined by a hypothetically correct jury charge for the case. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). This hypothetically correct jury charge is
one that sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the defendant was
tried. Id.; see also Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (“We
believe the ‘law’ as ‘authorized by the indictment’ must be the statutory elements of
the offense . . . as modified by the charging instrument.”).
B. Applicable Law
         Under section 481.115 of the health and safety code, a person commits the
offense of possession of a controlled substance “if the person knowingly or
intentionally possesses a controlled substance listed in Penalty Group 1, unless the
person obtained the substance directly from or under a valid prescription or order of
a practitioner acting in the course of professional practice.” Tex. Health & Safety
Code Ann. § 481.115(a) (Vernon 2003). Penalty Group 1 includes, among other
substances, methadone, heroin, and cocaine. Id. § 481.102 (Vernon 2003). Thus, the
State had to prove that appellant intentionally or knowingly possessed methadone,
heroin, and cocaine.
         To establish the unlawful possession of a controlled substance, the State must
prove that the accused: (1) exercised care, control, and management over the
contraband; and (2) knew the matter possessed was contraband. Herndon v. State,
787 S.W.2d 408, 409-10 (Tex. Crim. App. 1990); Rodriguez v. State, 888 S.W.2d
211, 214-15 (Tex. App.–Corpus Christi 1994, no pet.). When an accused is not in
exclusive possession of the place where the contraband is found, we cannot conclude
that the accused exercised control or had the requisite knowledge unless there are
additional independent facts and circumstances that affirmatively link the accused to
the contraband. Herndon, 787 S.W.2d at 409-10. The evidence may be direct or
circumstantial but “must establish, to the requisite level of confidence, that
the accused’s connection with the drug was more than just fortuitous.” Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
         Over the years, courts have developed a nonexclusive list of factors to
determine whether the evidence is sufficient to affirmatively link the accused with the
controlled substance. Lassaint v. State, 79 S.W.3d 736, 740 (Tex. App.–Corpus
Christi 2002, no pet.). Factors relevant to this case include: (1) whether the accused
was the owner or driver of the automobile in which the contraband was found; (2)
whether the contraband was conveniently available to the accused or found on the
same side of the vehicle as the accused was sitting; (3) whether the contraband was
found in close proximity to the accused; (4) whether the paraphernalia to use the
contraband was in view of or found on the accused; and (5) whether the conduct of
the accused indicated a consciousness of guilt. Id. at 740-41; see Reid v. State, 749
S.W.2d 903, 905 (Tex. App.–Dallas 1988, pet. ref’d) (no set formula for sufficiency
of affirmative links exists; determination depends on facts of each case). 
C. Analysis
         The State introduced evidence that appellant was both the owner and driver of
the vehicle where the contraband was found. Appellant testified that the vehicle was
his and that he used it in connection with his telecommunications business. The
contraband was conveniently accessible to appellant. Oelschlegel testified that the
black box was behind the driver’s seat, placing appellant in close proximity to the box
containing the drugs.


 Other drug paraphernalia, including a scale, pills, a spoon, and
“cut” (a substance used to dilute drugs) were found in the black box. The cocaine
was found in the center console, which was located in between the front seats and
in close proximity to where appellant had been seated. Syringes were also found in
the center console. Appellant admitted the syringes were his. Oelschlegel testified
that appellant appeared nervous and would not look him in the eye, indicating a
consciousness of guilt. 
         While appellant argues that the police should have checked the contents of the
black box for appellant’s fingerprints and located the owner of the Lone Star Card,
Ramirez testified at trial that he felt fingerprinting and locating the owner of the Lone
Star Card were not necessarily important in this case. The jury, being the sole judge
of the credibility of the witnesses and the weight to be given their testimony, was free
to accept or reject all or any part of Ramirez’s testimony. Sharp, 707 S.W.2d at 614.
         Viewing the evidence in the light most favorable to the verdict, we conclude the
State provided legally sufficient evidence affirmatively linking appellant to the drugs
found in his car. We overrule appellant’s sole issue. 
III. CONCLUSION
         Accordingly, we affirm the judgment of the trial court.     
          

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 30th day of September, 2004.